932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy FLENOY, Petitioner-Appellee,
v.
Terry L. MORRIS, Superintendent, Respondent-Appellant.
 No. 90-3921.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1991.
 
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The State of Ohio has appealed the District Court's order granting a conditional writ of habeas corpus to the petitioner-appellee, Mr. Timothy Flenoy. The petitioner is in the custody of the respondent-appellant, Mr. Terry Morris, at the Southern Ohio Correctional Facility, serving two sentences for separate convictions in 1975 and 1982. This appeal concerns the earlier convictions of rape and abduction for which Flenoy has been sentenced to 4-25 years. His 1982 murder conviction has been treated already in a separate habeas proceeding, and the proceeding resulted in a new trial, conviction and resentencing. Flenoy claims in his petition for habeas corpus that he was denied his right to a direct appeal originally in 1975 because Ohio did not appoint an attorney on his behalf although appeals had been filed on behalf of the other co-defendants in the case. Because we cannot determine from the silent record submitted by the parties whether Flenoy waived his right to appeal, did not waive his right to appeal but was not appointed an attorney to pursue his appeal, or was appointed an attorney but the attorney did not perfect Flenoy's appeal, we remand the case to the District Court for an evidentiary hearing.
 
 
 2
 Flenoy was charged and convicted of rape and abduction in a joint trial in 1975 along with his brother and another co-defendant. Joint Appendix ("J.A.") at 160. He was released on parole in 1980 after serving five years of a 4-25 year sentence, but he was indicted and convicted for his involvement in a murder while on parole in 1982. J.A. at 51. Subsequently, Flenoy petitioned successfully for a new trial with regard to his murder conviction, but he was again found guilty in a new trial in 1989. J.A. at 132-3.
 
 
 3
 Flenoy has returned to court fourteen years later to attack his rape and abduction conviction. Specifically, he claims that Ohio provides for a direct appeal of a criminal conviction,[1] and he did not have an opportunity to appeal his conviction because no counsel was appointed for him. He argues that appointed counsel was provided for his brother and the other co-defendant but not for him. J.A. at 180-1 (docket sheet indicating appointment of counsel and notice of appeal filed for Kevin Flenoy, and unmarked docket sheet for petitioner Timothy Flenoy). Ohio law provides for a delayed appeal, but the Court of Appeals for Cuyahoga County denied Flenoy's motion for a delayed appeal without providing a reason for its action on June 19, 1989. J.A. at 159. The Ohio Supreme Court affirmed the lower court's denial--also without providing a reason--on October 4, 1989. J.A. at 166.
 
 
 4
 Flenoy requested a writ of habeas corpus on November 17, 1989. The District Court referred the matter to a magistrate, and the Magistrate's Report recommended granting of the writ because Flenoy has been denied his right to an appeal as provided by Ohio law. J.A. at 191-201. Ohio filed objections to the Magistrate's Report, but the District Court adopted the Magistrate's recommendation and ordered a conditional writ issued giving the Ohio Court of Appeals ninety days to grant Flenoy's appeal. J.A. at 211-14. Ohio has appealed the District Court's order.
 
 
 5
 Although Flenoy's petition and Ohio's response raise a number of interesting issues with regard to the constitutional dimensions of the state appellate process, we will not consider these issues because we have not been provided with a sufficient record upon which to base a discussion. Ohio argues that Flenoy's claim is best characterized as ineffective assistance of counsel, but Ohio has not offered any documentary evidence to indicate that counsel was appointed for Flenoy. Likewise, Flenoy argues that he was denied his statutory right to appeal, but he has not offered any documentary evidence to indicate whether he retained or was appointed counsel at trial, whether he waived his right to an appeal or whether he was indigent and even entitled to appointed counsel.
 
 
 6
 Thus, at minimum, the evidentiary hearing should determine whether Flenoy's trial counsel, Mr. Roger Stearns, was retained or appointed, and what role he played beyond the jury verdict. Ohio argues that Flenoy submitted an unambiguous affidavit in support of his habeas corpus petition which acknowledged that Flenoy had been appointed counsel, but only more thorough fact-finding will convert this conclusory assumption into a supportable conclusion. J.A. at 136 (copy of affidavit). Indeed, a fuller evidentiary record will allow us to consider Flenoy's Sec. 2254 action without assigning central importance to an unclear affidavit.[2]
 
 
 7
 Thus, we remand the case to the District Court for an evidentiary hearing on the circumstances surrounding Flenoy's efforts to appeal directly his 1975 conviction for rape and abduction during the thirty day period allowed for by Ohio law.
 
 
 
 [1]
 Ohio Revised Code Sec. 2953.05 [Criminal Appeals] provides, in pertinent part:
 Appeal ... may be filed as a matter of right within thirty days after judgment and sentence.... After the expiration of the thirty day period ... such appeal may be taken only by leave of the court to which the appeal is taken. An appeal may be taken to the supreme court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the court of appeals in all cases as provided by law.
 
 
 [2]
 We must confess our surprise that neither Ohio nor Flenoy's counsel, Mr. Paul Mancino, Jr., thought it important to conduct a factual investigation of the sequence of events following Flenoy's conviction in 1975. The success of either legal theory presented--whether by Ohio or by Flenoy--depends on an adequate factual record. In addition, it should be noted that Federal Rule of Appellate Procedure 28 requires that both appellant and appellee provide a statement of the facts relevant to the issues represented for review, together with supporting references to the record and a statement of the issues. Mr. Mancino has failed to provide supporting references to the record and has provided a garbled, incomprehensible statement of issues. The Court expresses its dissatisfaction with such disregard of the Rules